## OHIO COURT OF APPEALS CASES---Continued

### No. 691

### CINCINNATI TRAC. CO. v. BOLLMAN & SONS CO.

Ohio Appeals, 1st District, Hamilton County
No. 2129. Decided May 14, 1923

**268. NEGLIGENCE.**

Improper instructions—The rule of law concerning motor vehicles approaching street intersections.

BUCHWALTER, J.

#### Epitomized Opinion

This is an action for property damages resulting from a collision brought by the Bollman Co. against the Cincinnati Traction Co. The accident occurred at a street intersection. The evidence was in conflict as to the speed at which the two vehicles were travelling and also as to which was the first to arrive at the point of intersection. Plaintiff recovered a judgment, whereupon error was prosecuted to the Court of Appeals. The only error assigned was the refusal of the court to give two special charges. The court refused these requests upon the ground that they attempted to advise the jury as to what an ordinary person would do under particular circumstances. In sustaining the judgment of the lower court, the Court of Appeals held:

1. To pick out certain facts and instruct the jury that such facts are negligent is improper when under all the facts and circumstances the jury might properly find that they did not constitute negligence. Such procedure is an endeavor to have the court instruct the jury what a person of reasonable and ordinary prudence wou'd do ··nd r certain circumstances and in effect is to take from the jury those questions which are within its province to determine.

2. The rule is that he who reaches a crossing or street intersection first is entitled to cross, unless the circumstances are such that an ordinary prudent person would not do so. The circumstances determine the care required, and even if one should arrive at the point of intersection firsʰ, the jury is to determine from all the facts whether or not he used such care.

Attorneys—H. K Rogers, for Traction Co.; Broeman & Gallagher, for Bollman & Sons Co.

### No. 692

### VOJTECT v. STATE

Ohio Appeals, 9th District, Medina County
No. 45. Decided June 26, 1923

**312. RAPE.**

Prosecution may proceed to trial (367) on charge of rape or assault with intent to commit rape, or both, and need not elect.

Funk, Pardee and Washburn

PER CURIAM:

#### Epitomized Opinion

Vojtect was convicted in Medina Common Pleas of the crime of committing an assault with intent to rape the prosecuting witness who was a girl 18 years old. The first count of the indictment charged Vojtect with the offense of having carnal knowledge of the prosecuting witness forcibly and against her will, and the second count of the indictment charged him with assault with intent to commit rape. Refusal of the trial court to require the prosecuting attorney to elect upon which count he would proceed to trial is assigned as error by Vojtect. The latter also claimed that the written statement signed by him in the presence of police officers was improperly admitted in evidence. In affirming the judgment the Court of Appeals held:

1. There was no error in the refusal of the trial court to require the prosecution to elect. By GC. 12421 assault with intent to commit a rape is an offense and by GC. 13692 one charged with the offense of rape may be found not guilty of that offense but guilty of an attempt to commit it. 90 OS. 196.

2. The written statement signed by Vojtect was admissible in evidence and the jury was properly instructed as to the circumstances under which such evidence should be considered and the weight to be given thereto.

Attorneys—T. J. Long, for Vojtect; J. A. Weber, for State.

### No. 693

### GREENSBERGER v. PICK & CO.

Ohio Appeals, 9th District, Summit County.
No 662. Decided June 8, 1923.

**313. RECEIVERS.**

Failure of mortgageee to enforce claim against receiver.

#### Epitomized Opinion.

A petition was filed by one Twarz, treasurer and general manager of Twarz Restaurant Co. setting forth that the restaurant company was insolvent and asking for the appointment of a receiver. The property of the company consisted mostly of fixtures which had been purchased together with the business from Pick & Co., the former owner of the restaurant. At the time of the purchase, Twarz Company gave a chattel mortgage to the Pick & Co. to secure the remainder of the purchase price, which contained the ordinary stipulations. One Greenburger was appointed receiver. At the time of the appointment, the conditions of the mortgage had been broken, but the Pick & Co. only made verbal demand of receiver for the property. About four months after the receiver was appointed and after said property had been converted into money and the affairs of the restaurant company administered up to the point of distribution and after the receiver had, under the orders of the court paid certain receiver and attorney fees, Pick & Co., by leave of court, intervened in said case and filed its motion asking the court to set aside the orders of the court confirming the sale of the property and requiring the receiver to restore the property or pay it out of proceeds the full amount due it under the mortgage. As the property had been disposed of, the court ordered that Pick & Co. be paid the full amount of its claim. Greenberger then prosecuted error. In reversing the judgment, the Court of Appeals held:

1. As Pick & Co. had knowledge that the court had taken possession of the property and having failed in any manner to bring to the attention of the court its interest in the property, this company should be charged with any of the necessary expenses incident to the preservation and sale of said property.

Attorneys—Greengerger & Hotchkiss, for Greenberger; Otis, Beery & Sheppard, for Pick & Co.