**STINSON, Plaintiff-Appellant, v. COLUMBUS & CHICAGO MOTOR FREIGHT, INC., Defendant-Appellee.**

Ohio Appeals, Second District, Franklin County.

No. 4810.   Decided October 6, 1952.

Clifford L. Rose, Columbus, for plaintiff-appellant.

Collis Gundy Lane, Richard Huggard, Columbus, for defendant-appellee.

## OPINION

By THE COURT.

This is an appeal on questions of law from a judgment rendered in favor of the defendant by the Municipal Court of Columbus.

The action grew out of a collision between a cab operated by plaintiff's employee and a truck operated by defendant's employee, at an intersection of driveways on private property known as Lane Shopping Center. The matter was tried to the Court which rendered a separate findings of fact and conclusions of law.

Plaintiff-appellant assigns as error that the judgment is not sustained by sufficient evidence, that the judgment is contrary to the manifest weight of the evidence and contrary to law. After an examination of the record we are satisfied that there is evidence of sufficient probative value to sustain the findings of fact.

Appellant contends that the Court applied the statutory right-of-way provision in denying the plaintiff a right of recovery. Clearly, the collision having occurred on private property, the statutory right-of-way provision has no application. (Secs. 6307-2 and 6307-40 GC.) The operators of the two motor vehicles were controlled by the common law rule

which required them to exercise ordinary care to avoid a collision. See **State of Ohio v. Root, 132 Oh St 229;** **Glaser v. Dunlap, 52 Abs 296;** Joseph v. Larkworthy, 15 N. P. (N. S.) 561. While we have some difficulty in determining which principle of law was applied by the trial court, we arrive at the same conclusion, by reason of the absence of a showing of the want of ordinary care on the part of the defendant. The separate findings are susceptible of the interpretation that the trial court decided the case on the theory that the plaintiff was guilty of negligence. If this be the theory, there is evidence to support it and the law was correctly applied in rendering judgment for the defendant.

Finding no error in the record prejudicial to the appellant, the judgment is affirmed.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.