OPINION
{¶ 1} Plaintiffs-appellants, Christopher B. McGuire, Ryan S. McGuire, Trisha E. McGuire, William Paul McGuire, and Charlene A. McGuire, appeal the decision of the Trumbull County Court of Common Pleas, granting summary judgment in favor of *Page 2 
defendant-appellee, Jeanine Bofenramp, d.b.a. Vienna Tree Farm, in the McGuires' action for negligence. For the following reasons, we affirm the decision of the court below.
 {¶ 2} On December 10, 2000, the McGuires were present at the Vienna Tree Farm, located on Warner Road in Vienna Township, to select a Christmas tree. After cutting the tree, William, Christopher, Ryan and Trisha went for a ride in a horse drawn wagon on the grounds of the tree farm. During the ride, the driver lost control of the horses and the occupants of the wagon were thrown.
 {¶ 3} On December 10, 2002, the McGuires filed suit against Bofenramp and against Richard Jewett and Nadine Jewett, as the owners/drivers of the wagon.
 {¶ 4} On December 19, 2003, the trial court granted summary judgment in favor of the Jewetts, who are not parties to this appeal.
 {¶ 5} On February 10, 2004, the trial court granted summary judgment in favor of Bofenramp on the basis of Ohio's Equine Immunity Statute, and the McGuires appealed that decision.
 {¶ 6} In McGuire v. Jewett, 11th Dist. No. 2004-T-0018,2005-Ohio-4214, decided August 12, 2005, this court reversed the grant of summary judgment in favor of Bofenramp and remanded the case for further proceedings.
 {¶ 7} In McGuire, this court affirmed that Bofenramp was entitled to the general immunity afforded an "equine activity sponsor" under R.C.2305.321(B)(1), providing "an equine activity sponsor * * * is not liable in damages in a tort or other civil action for harm that an equine activity participant allegedly sustains during an equine activity and that results from an inherent risk of an equine activity." Id. at ¶ 18. *Page 3 
 {¶ 8} This court further affirmed that the McGuires had raised a genuine issue of material fact as to whether one of the exceptions to equine immunity applied. Specifically, the McGuires relied upon R.C.2305.321(B)(2)(a), providing that an equine activity sponsor forfeits their immunity where the sponsor "provides to an equine activity participant faulty or defective equipment * * * and knows or should know that the equipment * * * is faulty or defective, and the fault or defect in the equipment * * * proximately causes the harm involved."
 {¶ 9} The McGuires alleged the wagon in which they were riding was defective in that it did not possess braking equipment. Under Ohio law, "[e]very vehicle * * * shall be equipped with parking brakes adequate to hold the vehicle on any grade on which it is operated, under all conditions of loading, on a surface free from snow, ice, or loose material." R.C. 4513.20(A). A "vehicle" is defined as "every device * * * in, upon, or by which any person or property may be transported or drawn upon a highway." R.C. 4511.01 (A). "Highway," in turn, is defined as "the entire width between the boundary lines of every way open to the use of the public as a thoroughfare for purposes of vehicular travel." R.C. 4511.01 (BB).
 {¶ 10} This court concluded "an issue of material fact as to whether the horse-drawn wagon in question was a vehicle as defined by statute. Specifically, the record generally indicates the wagon was being drawn by horses on private property suggesting the path over which the wagon was pulled was not a highway as the statute so defines; however, according to an affidavit attached to [the McGuires'] motion for summary judgment, `during the ride, the wagon was on the road which led to theVienna Tree Farm.' (Emphasis added). The record does not indicate the *Page 4 
precise nature of the `road' on which the wagon traveled, i.e., the pleadings, motions, and affidavits fail to specifically state whether the `road' in question is actually `open to the use of the public as a thoroughfare for purposes of vehicular travel.' If the `road' is a highway, the wagon is a vehicle and must have brakes; if the `road' does not fall within the definition of a highway, the wagon is not a vehicle and no brakes are required. Accordingly, there is a genuine issue of material fact as to whether the wagon is a vehicle; in particular, the inquiry hinges upon whether the wagon was traveling on a `highway' as set forth by statute." 2005-Ohio-4214, at ¶ 30 (emphasis sic) (footnote omitted).
 {¶ 11} "For this limited reason," this court remanded the case for further proceedings. Id. at ¶ 31.
 {¶ 12} On December 2, 2005, the trial court held an evidentiary hearing to determine whether the wagon at issue was a vehicle as defined in the Revised Code. At this hearing, it was stipulated that the "road" on which the wagon was traveling was not formally dedicated for public use. According to the briefs filed by the parties, Bofenramp testified that the "road" was a private, unpaved drive, providing access to her residence. Ryan McGuire and Bofenramp testified that the drive was open to the public to allow access to the tree farm.
 {¶ 13} On May 11, 2006, the trial court again granted summary judgment in favor of Bofenramp, on the grounds that the uncontradicted testimony is that "at no point in time were the horses and wagon operated upon any highway within the state of Ohio during the course of events leading up the injuries alleged herein." *Page 5 
 {¶ 14} The McGuires timely appeal and raise the following assignment of error: "The trial court erred in granting summary judgment as a matter of law in not applying the standards as established by the court of appeals when the trial court interpreted the term `road' as requiring a braking system on the wagon only if it was used on a dedicated public road in answering the question as framed by the court of appeals, if the wagon was used in an area `open to the use of the public as a thoroughfare for purposes of vehicular travel.'"
 {¶ 15} We note that the McGuires failed to include a transcript of the December 2, 2005 evidentiary hearing in the record on appeal. Accordingly, we accept the trial court's factual conclusions regarding the nature of the road, and confine our analysis to the legal question of whether R.C. 4511.01(BB) applies to such a road. Crane v. Perry Cty.Bd. of Elections, 107 Ohio St.3d 287, 2005-Ohio-6509, at ¶ 37 "[i]f the appellant fails to ensure that the transcript includes all relevant evidence pertaining to the issues raised on appeal, the appellate court will assume that the evidence (omitted from the transcript) supported the trial court's factual findings") (citation omitted).
 {¶ 16} Civil Rule 56(C) provides as follows: "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Noevidence or stipulation may be considered except as stated in thisrule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only *Page 6 
from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor." (Emphasis added).
 {¶ 17} The McGuires argue a genuine issue of material fact exists whether the road on which the wagon was traveling may be considered a public thoroughfare. We disagree. The "road" in question was neither public nor a thoroughfare.
 {¶ 18} "The characterization of a roadway as `public' depends on the origin of the road, the intention and plans of the governing authority, and the use to which the roadway has been put." State v. McKenzie (March 10, 1997), 4th Dist. No. 96CA43, 1997 Ohio App. LEXIS 929, at *4 (citation omitted).
 {¶ 19} Although not defined statutorily, a "thoroughfare" has been considered a "street or passage through which one can fare (travel); that is, a street or highway affording an unobstructed passage at each end into another street or public passage." State v. Grubb (1993),82 Ohio App.3d 187, 190, quoting Black's Law Dictionary (5th Ed. 1978) 1327.
 {¶ 20} It is undisputed that the "road" at issue herein is a privately owned, undedicated driveway, which does not provide passage to another street or highway, but, rather, access to Bofenramp's residence and/or tree farm.
 {¶ 21} It is well-established in Ohio law that such access drives do not constitute a thoroughfare open to the public. See State v. Root
(1937), 132 Ohio St. 229, at syllabus ("[w]here a driveway, leading into and located wholly upon state hospital grounds, is built, maintained and controlled by such hospital for its own use *Page 7 
and the public having business therewith, and where such driveway was never dedicated or legally accepted as a public thoroughfare, it does not come within the purview of `roads or highways' as found in Section 12404-1, General Code"); Carollo v. Bowling Green State University, Ct. of Claims No. 2004-05961-AD, 2005-Ohio-831, at ¶ 15 ("parking lots and private drive ways are routinely exempted from the rules that govern the operation of * * * vehicles on roads, streets and highways"); State v.Ruff, 7th Dist. No. 01 BA 31, 2002-Ohio-2999, at ¶ 15 (excluding "[p]arking lots, whether publicly or privately owned," from the definition of "street" or "highway" contained in R.C. 4511.01(BB));McKenzie, 1997 Ohio App. LEXIS 929, at *5-*6 (a "private road" does "not qualify as one `open to the use of the public as a thoroughfare'");Grubb, 82 Ohio App.3d at 190 (Ohio Union Drive, maintained by a university to provide access to the Ohio Union building and a parking garage, is not a "public thoroughfare" as defined by R.C. 4511.01 (BB));Buell v. Brunner (1983), 10 Ohio App.3d 41, 42 (a "street or highway," as defined by R.C. 4511.01(BB), "does not include a school parking lot or driveways on school property leading thereto"); Stinson v. Columbus Chicago Motor Freight, Inc. (App. 1952), 69 Ohio Law Abs. 449 (collision "at an intersection of driveways on private property" not governed by general traffic laws); Jewett v. State (App. 1936), 22 Ohio Law Abs. 37 ("[a] street is a public thoroughfare and highway * * * [t]he term does not include a private road").
 {¶ 22} Accordingly, the road at issue cannot, as a matter of law, be deemed "a way open to the use of the public as a thoroughfare for purposes of vehicular travel." The McGuires' sole assignment of error is without merit. *Page 8 
 {¶ 23} For the foregoing reasons, the decision of the Trumbull County Court of Common Pleas, granting summary judgment in favor of Bofenramp, is affirmed.
COLLEEN MARY O'TOOLE, J., concurs in judgment only, WILLIAM M. O'NEILL, J., dissents with a Dissenting Opinion.