THE STATE OF OHIO, APPELLEE, *v.* LAYMAN, APPELLANT.

344

(No. CA 9412 — Decided
January 7, 1986.)

*Ronald L. Fobes,* for appellee.
*Douglas Casteel,* for appellant.

WOLFF, J. The facts of this case are not in dispute. On October 3, 1984, at approximately 12:24 a.m., Sergeant Marvin E. Scothorn of the Miami Township Police observed Richard J. Layman, appellant, driving his automobile in an erratic manner which nearly resulted in two accidents. Sergeant Scothorn turned on the emergency flashing lights on his police cruiser and, some distance later, succeeded in stopping appellant. Appellant was unsteady, spoke with a slur, and smelled of alcohol. An intoxilyzer test showed his blood alcohol content to be 0.231 percent, which is over twice the legal intoxication level of 0.10 percent.

All of these events occurred within the corporate limits of the city of Miamisburg, Ohio, which is located within Miami Township.

Appellant was charged with a violation of R.C. 4511.19, driving while under the influence of alcohol. Subsequently, appellant moved to dismiss the charges against him on the basis that Sergeant Scothorn lacked the jurisdiction to stop, arrest, and cite appellant in the city of Miamisburg. The trial court overruled this motion.

Appellant was found guilty after entering a plea of no contest, reserving his right to appeal under Traf. R. 11(G). Imposition of sentence was suspended pending appeal.

The first of appellant's four assignments of error states:

"The trial court erred in deciding that a township police officer, even if he is also designated as a township constable, has authority to arrest for a misdemeanor outside the township police district."

This assignment in essence raises two questions: (1) What are the respective limits on the jurisdictions of a township police officer and a township police constable?, and (2) What is the limit of Sergeant Scothorn's jurisdiction, *i.e.,* is he a township police officer, a township police constable, or both, as the trial court held?

R.C. 505.48 controls the creation of township police districts. It provides as follows:

"The trustees of any township may, by resolution adopted by two-thirds of the members of the board, create a township police district comprised of all or a portion of the *unincorporated* territory of the township as the resolution may specify. If the township police district does not include all of the unincorporated territory of the township, the resolution creating the township police district shall contain a complete and accurate description of the territory of the district. The territorial limits of the township police district may be altered by a resolution adopted by a two-thirds vote of the board of trustees at any time one hundred twenty days after the district has been created and is operative. A township police district comprising only a part of the unincorporated territory of the township shall be given a separate and distinct name in the resolution authorizing its creation." (Emphasis added.)

The designation, powers, and duties of constables are governed by R.C. 509.01 and 509.05. R.C. 509.01 provides, in relevant part, that "[t]he board of township trustees may designate any qualified persons as police constables, and may provide such police constables, such automobiles, communication systems, uniforms, and police equipment as

such board deems necessary.* * *" R.C. 509.05[1] provides in part as follows:

"In addition to the county sheriff, constables shall be ministerial officers of the county court in all cases in their respective townships, and in criminal cases, they shall be such officers within the county. They shall apprehend and bring to justice felons and disturbers of the peace, suppress riots, and keep and preserve the peace within the county. * * *

"* * *

"The authority of a constable in serving any process, * * * and in doing his duties generally shall extend throughout the county in which he is appointed * * *."

We have been unable to find any reported or unreported Ohio cases addressing this issue. We, therefore, deem it to be one of first impression.

From a reading of the statutes, and giving them their plain meaning, we now hold as follows: (1) the territorial jurisdiction of a township police officer is limited to the *unincorporated* areas of the township contained in the township police district, and (2) the territorial jurisdiction of a township police constable extends throughout the county in which his township is located. This, of course, would include the incorporated areas within the township. Thus, a township police constable would be empowered to stop appellant under the present circumstances, whereas a township police officer would not. This leads to the question of whether Sergeant Scothorn is a constable, an officer, or both?

In part, R.C. 505.49(A) provides that "township trustees may include in the township police district and under the direction and control of the chief of police, any constable appointed pursuant to section 509.01 of the Revised Code, or designate the chief of police or any pa-

[1] See 1957 Ohio Atty. Gen. Ops. No. 1427.

trolman appointed by him as a constable, as provided for in section 509.01 of the Revised Code, for the township police district." From this we conclude that a person can be both a township police constable and a township police officer.

On April 12, 1972, by a two-thirds vote, the Miami Township Board of Trustees passed a resolution providing "[t]hat the Police District be formed under sections 505.48 and 509.01 of the Ohio Revised Code." Thus, we find the trial court correctly determined that the township trustees appointed its police personnel as both township police constables and township police officers. We, therefore, hold that as a township police constable, Sergeant Scothorn was within his jurisdiction when he observed, stopped, and arrested appellant in the city of Miamisburg. The first assignment of error is not well-taken.

Appellant's second assignment of error follows:

"The trial court erred in holding that the oath of office administered to police officers of Miami Township was also sufficient to vest those officers with the authority as constables."

The oaths of office administered to Sergeant Scothorn are from standard forms with the pertinent blanks filled in. The first, signed and dated February 4, 1973, states: "I, *Marvin E. Scothorn* do solemnly swear, that I will support the Constitution of the United States, and the Constitution of the State of Ohio, and will faithfully discharge the duties of <u>Auxiliary Patrolman</u> of <u>Miami</u> Township in <u>Montgomery</u> County, State of Ohio, during my continuance in office." (Underlining *sic*.) The second oath was signed and dated October 7, 1980. It is identical to the first in other respects except that instead of stating "Auxiliary Patrolman," his office is listed as "Police Sergeant." We interpret the April 12, 1972 action of the trustees as making all township police officers con-

stables as well. We believe that under these circumstances, this oath is sufficiently broad to satisfy the oath requirement of both positions, *i.e.,* police officer and police constable. We are not persuaded that the designation of office as "Auxiliary Patrolman" and "Police Sergeant" serves to exclude the position of constable.

We, therefore, find this assignment to be without merit.

Assignment of error number three states:

"The trial court erred in holding that the Miami Township Police District was properly formed."

In support, appellant argues that R.C. 505.48 requires adoption of a *resolution* in order to create a valid police district. He then argues that the township trustees passed a *motion* purporting to create a township police district. This deviation, appellant argues, is "fatal to any arrest made by an officer of the township." We do not find this argument persuasive.

As explained by the trial court, "motion" is defined as follows: "In parliamentary law, the formal mode in which a member submits a proposed measure or resolve for the consideration and action of the meeting." Black's Law Dictionary (5 Ed. 1979) 913. "Resolution" is defined as "[a] formal expression of the opinion or will of an official body or a public assembly, adopted by vote * * *." *Id.* at 1178. Thus, a proposal to the board is a motion, which, once adopted by vote, by definition becomes a resolution. We, therefore, find no deviation from the statutory requirements. The third assignment of error is meritless.

The final assignment of error states that "[t]he trial court erred in holding that the bond requirements under Section 509.02 were complied with."

R.C. 509.02 provides as follows:

"Each constable, before entering upon the discharge of his duties, shall give bond to the state in a sum of not less than five hundred nor more than two thousand dollars, conditioned for the faithful and diligent discharge of his duties, and with sureties resident of the township. The amount of such bond and its sureties shall be approved by the board of township trustees. Such bond shall be deposited with the township clerk."

Appellant states that Sergeant Scothorn has not personally given such a bond. Appellee argues, and the trial court held, that Sergeant Scothorn was covered by a blanket bond pursuant to R.C. 3.06, and, as police officers and police constables are the same in Miami Township, the blanket bond serves to satisfy R.C. 509.02. R.C. 3.06 provides in relevant part:

"(B) Notwithstanding the provisions of any other law requiring an official bond to be conditioned substantially to the effect that an officer, clerk, or employee will faithfully perform his duties, in lieu thereof, with the consent and approval of the officer or governing body authorized to require the bond, any * * * township * * * thereof, may procure a blanket bond from any duly authorized corporate surety covering officers, clerks, and employees other than:

"* * *

"(2) Any officer, clerk, or employee required by law to execute or file an individual official bond to qualify for office or employment."

Although the language of R.C. 509.02 that "[e]ach constable, before entering upon the discharge of his duties" would at first appear to bring this bond requirement within the "individual" exception of R.C. 3.06(B)(2), we believe that this bond requirement is not needed "to *qualify* for office or employment." Rather, it is simply to be posted after taking office or becoming employed, but prior to the discharge of duties. We, therefore, hold that the bond requirement of R.C. 509.02 is satisfied by a blanket bond under R.C. 3.06.

Accordingly, appellant's fourth assignment of error is overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

BROGAN, P.J., and WILSON, J., concur.