## JEWETT v STATE

Ohio Appeals, 2nd Dist, Franklin Co

No 2626. Decided March 16, 1936

Isadore L. Margulis, Columbus, for plaintiff in error.

John L. Davies, City Attorney, Columbus, and John L. Davies, Jr., Asst. City Atty., Columbus, for defendant in error.

## OPINION

By HORNBECK, J.

Error is prosecuted from a judgment of the Common Pleas Court affirming a judgment of conviction of plaintiff in error in the Municipal Court of the City of Columbus.

The plaintiff in error as defendant below was charged with, tried for, and convicted of the violation of §12606, GC, in the Municipal Court of Columbus. The defendant interposed a general demurrer to the affidavit which was overruled. It is the claim of counsel for the defendant that the demurrer reached not only the insufficiency of the affidavit to charge an offense, but also the alleged failure of the affidavit to properly inform the defendant of the charge which was sought to be lodged against him. The alleged offense occurred in one of the driveways of Schiller Park in the City of Columbus.

The section under which the prosecution was had, §12606, GC, provides that,

"In case of accident or collision with persons or property upon any of the public roads or highways, due to the driving or operation thereon of any motor vehicle, the person so driving or operating such motor vehicle having knowledge of such accident or collision shall stop and upon request of the person injured or any person, give such person his name and address and in addition thereto if not the owner, the name and address of the owner of such motor vehicle, together with the registered number of such motor vehicle."

The affidavit charged the offense in the language of the statute. This made the affidavit good against general demurrer.

Cincinnati v Schill, 125 Oh St, 57.

Cleveland Heights v Christie, 128 Oh St, 297.

Inasmuch as the affidavit was sound against demurrer, if it failed to apprise the defendant with certainty of the specific facts upon which the charge was predicated, it was incumbent upon the defendant to request a bill of particulars. Failure so to do was a waiver of any indefiniteness or uncertainty in the affidavit not amounting to a failure to state an offense. State of Ohio v Whitmore, 126 Oh St, 381.

The question urged in this court is the insufficiency of proof on a material statement in the affidavit, viz., that the accident occurred upon a public road or highway. Though this question could not be reached upon demurrer, it clearly is raised upon a ground of error set forth in the petition, viz., that the judgment and findings of said Municipal Court are not sustained by sufficient evidence and are contrary to law.

We then come to consider the principal question, viz, is the roadway in Schiller Park where the accident occurred upon which the affidavit was predicated a public road or highway within the terminology of §12606, GC? The comprehensive brief of counsel for the defendant sets forth with particularity the system of public highways as outlined in our Highway Code and the division of highways into state roads, county roads and township roads; the section of the statute authorizing municipal corporations to regulate the use of the streets and to accept duly dedicated streets in the name of the corporation and also cites authorities in Ohio and elsewhere wherein is considered the meaning of the terms 'highways' and 'public streets.' From these authorities it is urged that the roadway in Schiller Park is not a public highway inasmuch as the record does not disclose that the roadways in the park have been dedicated to the city as streets and it does not appear from the record that the city has taken over the care and supervision of the roads in the park. We are referred particularly to 44 C.J., 881:

"Strictly speaking a street is a paved way or road but the term is ordinarily used to mean a public way or road in a city or village, and is generally distinguished from public ways or roads outside thereof. A street is a public thoroughfare and highway; and all streets are highways, although all highways are not streets. The term does not include a private road, nor toll roads nor turnpikes, nor other roads owned by private corporation nor a levee, nor a park."

Seebring v Quackenbush, 199 N. Y. Supp., 245, is cited:

"Even though there are roadways constructed through a public square or park this fact does not make or give such roadway the character of public highway."

Also, Youngstown v Pittsburgh R. R. Co., 2 O.C.D., 121:

"The word 'road' is defined to be a track

for travel forming a communication between one city, town or place and another, in other words, a country highway. Undoubtedly as a generic term, it includes streets and highways, but in general usage (which) impresses an ordinary meaning upon words 'streets' denotes a main way in a city or town, and the road a highway in the country."

In this case the Railroad Company was attempting to place its tracks across a street in the city of Youngstown and the action was to enjoin the company from so doing. Among other things, the court said in the opinion at page 126, that distinction should be made in that case between 'road' and 'street,' the latter referring to a road in a municipality. The general observation there made and quoted above is of no help on the question here presented.

An examination of the other cases cited discloses that in no one of them was consideration given to the meaning of the words 'public roads' or 'highway' in a statute such as the one under consideration. All arose in civil proceedings wherein the technical concept and meaning of the word 'road, highway or street' was under consideration. Our question directs consideration to the specific meaning of the words 'public roads or highways' as employed in §12606 GC in the light of the general purport of the offense which is therein defined and a violation of which the section is intended to punish. The Legislature has defined certain terms as used in the chapter on motor vehicles and in the penal laws, in §6290, GC, 17, which reads:

" 'Public roads and highways' for vehicles includes **all public thoroughfares,** bridges and culverts." (Emphasis ours).

Among other definitions Webster defines a thoroughfare as a "passage through; an unobstructed way open to the public, a public road, hence a frequented street." A highway is defined in 3 Kent, 432, as,

"A passage, road and street which every person has a right to use."

The obvious purpose of the section under consideration and kindred sections is to minimize accidents by automobiles and to enable a person injured by another's automobile to learn the identity of the driver of the car which caused his injury and the owner of the car if other than the driver. Such legislation is enacted for the benefit and protection of the public. Unless the statute requires it would be giving a limited meaning to the words 'public roads or highways' to say that only those are included which have been dedicated to a municipality and accepted thereby or recognized in the highway system of the state. The more reasonable interpretation would embrace all roads or thoroughfares which were open to and used by the public generally as means of passage. The meaning of the words as defined in the section discloses no purpose to restrict the interpretation of the words to technical terms.

We are not favored by any cases in Ohio upon the narrow question, but counsel for the State has carefully briefed the cases in other states. Without exception they hold that in criminal statutes like the one under consideration, the term 'pubic thoroughfare or highway' contemplates an open way of public passage for vehicles and persons. We will not comment upon these cases but set them forth as found in the brief of counsel for the State.

State of New Jersey v Stanley Sakowicz, 98 N. J. Law, 905.

Phillips v Henson, 326 Mo. 282.

Morris v Dame's Executors et, 171 SE 662.

Gatewood v Continental General Life Ins. Co., 23 Fed. (2d) 211.

Weirich v State of Wisconsin, 22 L.R.A. (N.S.) 1221.

Huddy on Automobiles, §24.

Elliott on Roads and Streets, 3d Ed.

McQuillan on Municipal Corp., §1381.

In view, therefore, of the general purpose of the statute under consideration, the definition of the terms therein found as set forth in §6290, GC, and because of the adjudication of the courts of other states upon the question here presented, we are satisfied that the road in Schiller Park upon which the defendant was driving at the time of the accident was a public road and highway as employed in §12606, **GC.**

The judgment of the Common Pleas Court will be affirmed.

BARNES, PJ, and BODEY, J, concur.