KOCH, APPELLANT, *v.* DOLLISON, REGISTRAR, BUREAU OF MOTOR VEHICLES, APPELLEE.

(No. 81AP-117—Decided June 23, 1981.)

*Thomas M. Tyack & Associates Co., L.P.A., Mr. Thomas M. Tyack* and *Mr. Mark A. Serrott,* for appellant.

*Mr. Gregory S. Lashutka,* city attorney, *Mr. Ronald J. O'Brien,* city prosecutor, and *Mr. David E. Tingley,* for appellee.

McCORMAC, J. Plaintiff has appealed from the judgment of the trial court that his driving rights be suspended pursuant to R.C. 4511.191, the implied consent law. Plaintiff asserts that the trial court erred in holding that R.C. 4511.191 applies to those persons arrested for the offense of driving while under the influence of alcohol and/or drugs.

Plaintiff was arrested for the offense of driving while under the influence of alcohol and/or drugs. He was requested to submit to a chemical test or tests of his blood, breath or urine and, after being advised of the consequences, refused to do so. The Bureau of Motor Vehicles suspended his license to drive for six months. Plaintiff then filed a complaint in Franklin County Municipal Court, alleging that the Bureau of Motor Vehicles erred in applying the implied consent law to his case.

The parties stipulated the following facts which were found to be the applicable facts by the trial court:

"(1) The arresting officer had reasonable grounds to believe that the

petitioner had been driving a motor vehicle upon the public highways of this State *while under the influence of alcohol and/or drugs;*

"(2) The Petitioner *was placed under arrest for the offense of driving while under the influence of alcohol and/or drugs;*

"(3) That the arresting officer smelled a strong odor of alcohol about the person of the petitioner.

"(4) That the petitioner refused to submit to a chemical test or tests of his blood, breath or urine upon the request of the arresting officer and that the petitioner was advised of and understood the consequences of his refusal." (Emphasis added.)

The arrest was made pursuant to R.C. 4511.19, which provides, in part, as follows:

"No person who is under the influence of alcohol or any drug of abuse, or the combined influence of alcohol and any drug of abuse, shall operate any vehicle, streetcar, or trackless trolley within this state."

R.C. 4511.19 was amended in 1975 to add driving under the influence of any drug of abuse or driving while under the combined influence of alcohol and any drug of abuse.

R.C. 4511.191 provides, as pertinent, as follows:

"(A) Any person who operates a motor vehicle upon the public highways in this state shall be deemed to have given consent to a chemical test or tests of his blood, breath, or urine for the purpose of determining the alcoholic content of his blood if arrested for the offense of driving while under the influence of alcohol. * * *."

R.C. 4511.191(F) states that when the Bureau of Motor Vehicles suspends a driver's license for failure to comply with the consent provision of R.C. 4511.191 (A), a petition may be filed in the appropriate municipal court to determine whether his license was properly suspended, with the scope of the hearing to be limited to the issues of whether a police officer had reasonable grounds to believe that the person had been driving a motor vehicle upon the public highways in this state while under the influence of alcohol, whether the person was placed under arrest, whether he refused to submit to the test upon request of the officer, whether he was advised of the consequences of his refusal, and whether his employment is of such a nature that his ability to continue in the employment would be seriously affected if the suspension otherwise required under this section is imposed.

The crucial issues in this case are whether the police officer had reasonable grounds to believe that plaintiff had been driving a motor vehicle while under the influence of alcohol and whether he was placed under arrest for that charge.

The trial court found in regard to these issues that there was reasonable grounds to believe that plaintiff had been driving a motor vehicle while under the influence of alcohol and/or drugs, and that he was placed under arrest for the offense of driving while under the influence of alcohol and/or drugs. There was no factual finding that plaintiff had been driving a motor vehicle while under the influence of alcohol alone.

R.C. 4511.191 was not amended to include implied consent to submitting to a chemical test when arrested for the offense of driving while under the influence of a drug of abuse or the combined effects of alcohol and a drug of abuse.

The trial court found that plaintiff had a strong odor of alcohol about his person so that from the trial court's findings of fact, which were identical to the stipulated facts, plaintiff was placed under arrest either for driving while under the influence of alcohol or for driving under the combined influence of alcohol and drugs. The question is whether before invoking the penalties of the implied consent law under R.C. 4511.191, it is necessary that there be a

finding that there were reasonable grounds for the arresting officer to believe that the plaintiff had been driving while under the influence of alcohol alone. Since there was no such finding, to sustain the trial court's conclusion that R.C. 4511.191 applies to plaintiff's arrest it is necessary to find that the driver has given consent to chemical tests of his blood, breath or urine for the purpose of determining the alcohol content of his body when arrested for the offense of driving while under the combined influence of alcohol and drugs.

R.C. 4511.191 is not as broad as R.C. 4511.19, which provides for the criminal offense of operating a motor vehicle while under the influence, as that charge is applicable to a physical condition resulting from the combined influence of alcohol and a drug of abuse. On the contrary, R.C. 4511.191 applies only where there is reasonable grounds to believe that plaintiff was driving while under the influence of alcohol. R.C. 4511.191 was not amended to include the 1975 changes to R.C. 4511.19.

R.C. 4511.19 is also broader than R.C. 4511.191 in that the criminal charge for operating a motor vehicle while under the influence applies wherever the vehicle is operated within the state, not just when being operated on a public highway. R.C. 4511.191 restricts the consent to chemical tests to the situation where the person was driving the motor vehicle upon the public highways in the state.

In *Crapser* v. *Andrews* (App. 1977), 5 O.O.3d 402, the Court of Appeals for Cuyahoga County held that R.C. 4511.191 does not apply to arrest for driving under the influence of alcohol when the offense occurred on a private drive. The court implicitly recognized that R.C. 4511.19, as amended in 1975, does not limit the criminal charge to offenses on public highways, but pointed out that R.C. 4511.191 expressly made the implied consent provisions applicable only to persons operating a motor vehicle on public highways.

The principle of *Crapser* is applicable to this case. The driver, by express legislative provision of R.C. 4511.191, has given consent to chemical tests to determine the alcoholic content of his blood only if arrested for the offense of driving while under the influence of alcohol. There is no provision in the law for consent if the arrest is for being under the influence of alcohol combined with drugs of abuse or while driving under the influence of drugs of abuse. This court cannot extend the clear meaning of R.C. 4511.191 to include the additional situation of driving while under the combined influence of alcohol and drugs, even though legislatively that provision may make sense in light of the difficulty of determining whether the driver is under the influence solely because of use of alcohol or because of the combined effect of alcohol and drugs.

It is noted that the Ohio State Bar Association has proposed an amendment to R.C. 4511.191 to make implied consent applicable for operation of a motor vehicle within the state, eliminating the provision that it must be on a public highway, and to include consent for chemical testing where the driver is under the influence of alcohol or any drug of abuse, or the combined influence of alcohol and any drug of abuse. Those changes would make the implied consent law consistent with R.C. 4511.19 as amended in 1975.

Even though the criminal charge was in the alternative, the arresting officer, if such be true, could have testified that he had reasonable grounds to believe that the driver was under the influence of alcohol alone and that his arrest was for that reason, irrespective of the alternative wording of the criminal affidavit. In addition, since the certified records of the Bureau of Motor Vehicles were in evidence and the consent form indicated that the arresting officer had arrested plaintiff for being under the influence of

alcohol with no indication of use of drugs of abuse, conceivably there could have been a factual finding by the trial court that the arrest was for alcohol alone. However, no such finding was made by the trial court.

Plaintiff's assignment of error is sustained. The judgment of the trial court is reversed and the case is remanded to the trial court for further procedure consistent with this decision.

*Judgment reversed and case remanded.*

REILLY and COOK, JJ., concur.

COOK, J., of the Eleventh Appellate District, sitting by designation in the Tenth Appellate District.