DECISION AND JUDGMENT ENTRY
This accelerated appeal is before the court on appeal from the October 21, 1999 judgment of the Sylvania Municipal Court, which denied the motion to suppress filed by appellant, Sean A. Miller. After his motion to suppress was denied, appellant pled no contest to a charge of driving under the influence in violation of R.C.4511.19(A)(1) and was convicted and sentenced. On appeal, appellant asserts the following single assignment of error:
 "1. THE TRIAL COURT ERRED, AS A MATTER OF LAW, TO THE PREJUDICE OF THE APPELLANT, SEAN A. MILLER, BY DENYING HIS MOTION TO SUPPRESS EVIDENCE OBTAINED IN VIOLATION OF APPELLANT'S RIGHTS GUARANTEED BY THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 14 OF THE OHIO CONSTITUTION."
In his motion to suppress, appellant asserted that the Sylvania Police Department violated his rights under the Fourth
and Fourteenth Amendments. He asserts that the police performed an impermissible search and seizure by arresting appellant outside the territorial jurisdiction of the Sylvania Police Department.
The following evidence was presented at the motion to suppress hearing. A Sylvania Police Officer testified that he responded to a report of a drunk driver at 1:45 a.m. on August 15, 1999. A witness was following appellant as he drove westbound on Monroe Street and had observed his erratic driving. The witness continued to follow appellant and talk to the dispatcher. The officer caught up with appellant within two or three minutes but could not immediately see any violations. However, after appellant passed into the jurisdiction of the Sylvania Township Police Department, the officer observed a weaving violation (appellant straddled the center line for two or three seconds and drove on the shoulder half the car's width for a few seconds). The officer was about one hundred feet behind appellant at the time. Appellant was two or three hundred feet into the jurisdiction of the Sylvania Township Police Department. Appellant was stopped about a half of a mile outside the officer's jurisdiction. The officer had appellant exit his vehicle and asked him to perform some sobriety tests, but appellant refused. The Sylvania Township police were called to the scene and determined that appellant was under the influence of alcohol.
Appellant correctly states that this court has held that an officer cannot investigate a suspicion of criminal activity when his observations were of illegal activity occurring totally outside of his jurisdiction. State v. Drummer (Dec. 8, 1995), Wood App. No. WD-95-010, unreported, and State v. Smigelski (June 9, 1995), Lucas App. No. L-94-183, unreported. Both these cases relied upon State v. Grubb (1993), 82 Ohio App.3d 187. We recognized that ordinarily a violation of state law does not give rise to a violation of the constitutional right against a warrantless search and seizure. However, a constitutional violation did occur in these cases because the officer stopped the defendant without a reasonable suspicion of criminal activity (i.e., a violation of the laws of his jurisdiction).
However, other law justifies the stop in this case. The Ohio Supreme Court recently held that an officer may rely upon a dispatch to formulate a reasonable suspicion of criminal activity if the dispatch is trustworthy. Maumee v. Weisner (1999),87 Ohio St.3d 295, paragraph one of the syllabus. Furthermore, the court held that a citizen tip may be a sufficient basis for a reasonable suspicion of criminal activity if, under the totality of the circumstances, it is reliable. Id. Some factors to consider are whether the citizen tip is based upon personal observations, is contemporaneous with the criminal activity, and the citizen's motive for calling supports reliability. Id. at 302-303.
In the case before us, the record reveals that the officer relied upon a citizen tip to conclude that appellant was driving while intoxicated. The citizen indicated that appellant's vehicle was weaving back and forth on the highway while within the officer's jurisdiction. That citizen was concerned enough for his own safety and the safety of others that he continued to follow the drive while telephoning the police. The citizen remained on the line while the police responded to the call. Therefore, we find that the citizen's tip in the case before us was equally as trustworthy as the citizen tip in the Weisner case.
Therefore, the officer in the case before us did have a reasonable suspicion of criminal activity that occurred within his jurisdiction to support a stop of appellant's vehicle. In addition, the officer had the authority to pursue appellant outside the officer's jurisdiction in order to stop appellant outside of the officer's jurisdiction to investigate. Ketteringv. Hollen (1980), 64 Ohio St.2d 232.
Therefore, we find that there was no constitutional violation in this case. Appellant's sole assignment of error is found not well-taken.
Having found that the municipal court did not commit error prejudicial to appellant, the judgment of the Sylvania Municipal Court is affirmed. Pursuant to App.R. 24, appellant is hereby ordered to pay the court costs incurred on appeal.
JUDGMENT AFFIRMED.
 ____________________________ Peter M. Handwork, J., JUDGE
 Richard W. Knepper, P.J. CONCUR.
Melvin L. Resnick, J., CONCURS AND WRITES SEPARATELY.