OPINION *Page 2 
{¶ 1} Defendant-Appellant, Manuel V. Turner appeals his conviction and sentence by the Licking County Municipal Court for "Hit-Skip Public Highway," in violation of Newark City Ordinance 436.11. Plaintiff-Appellee is the State of Ohio
 STATEMENT OF THE FACTS AND THE CASE {¶ 2} On August 27, 2007 at approximately 9:00 p.m., Benjamin Kies parked his car in a parking area beside the garage of the condominium complex where he resided located at 1928 Cherry Valley Road, Newark, Ohio. At 1:00 a.m. on August 28, 2007, Mr. Kies's neighbor came to his condominium and woke him to inform him that Mr. Kies's car had been damaged. When Mr. Kies went to check on his car, he found that his car had been moved about twenty feet from where he had parked it in the parking spot and it was turned about ninety degrees. The front of his car was severely damaged. (T. 5-8).
 {¶ 3} As Mr. Kies walked around his car, he observed the white vinyl fence running the perimeter of the parking lot along Cherry Valley Road had two holes in it. Mr. Kies noticed tire tracks through the yard as if a vehicle had slid and broke through the fence. Pieces of the fence had been shattered all over the yard. A street sign had also been ripped out of the ground. (T. 6).
 {¶ 4} There was no information left on the vehicle regarding who was responsible for the damage nor was Mr. Kies contacted by anyone claiming responsibility for damaging his vehicle. Upon observing the damage, Mr. Kies contacted the Newark Police Department to report the accident. (T. 7-8). *Page 3 
 {¶ 5} Officer Matesich arrived on the scene at 1:30 a.m. to investigate the accident. Upon completion of the police department's investigation, Officer Matesich believed a vehicle was travelling eastbound on Cherry Valley Road and after the vehicle went around the curve on the road, it went northbound toward the fence, knocked over a street sign, went through the fence, hit the victim's car in the parking lot and then left the scene of the accident. (T. 28-29).
 {¶ 6} Officer Queen and Officer Spears were part of the follow-up investigation of the accident. When Officer Queen examined the damage to Mr. Kies's vehicle, he observed broken headlight glass imbedded in the damaged vehicle that did not match the headlights on Mr. Kies's car. Officer Queen then received a tip on where to locate the vehicle that caused the accident. The tip indicated the vehicle was located in front of 41 North 40th Street. (T. 16-18).
 {¶ 7} Officer Queen went to the reported address and found a 1991 Bonneville parked in front of 41 North 40th Street, Apartment 1, with heavy front-end damage. The officers inspected the vehicle and Officer Queen matched the piece of the headlight glass retrieved from the scene of the accident and matched it to the Bonneville parked at 41 North 40th Street. Officer Queen also observed pieces of white vinyl fence wedged in the wheel well area and into the door of the Bonneville. (T. 18-23).
 {¶ 8} Officer Queen checked the registration of the Bonneville and it came back as registered to Appellant, who was listed as a resident of 41 North 40th Street. The officer made contact with Appellant at home and questioned Appellant in regards to the accident. Appellant admitted that he had been involved in an accident earlier that day and that he had hit a fence on Cherry Valley Road. Officer Queen issued Appellant a *Page 4 
citation for "Hit-Skip Public Highway," a first-degree misdemeanor in violation of Newark City Ordinance 436.11 and "Failure to Control," a minor misdemeanor in violation of Newark City Ordinance 434.025. (T. 18-23).
 {¶ 9} Appellant appeared before the Licking County Municipal Court on September 5, 2007 and entered pleas of not guilty to both traffic charges. On November 14, 2007, the matter was heard by the trial court. Appellant testified on his own behalf. Appellant admitted to hitting the white vinyl fence, but stated that he did not hit a vehicle in the parking lot. He stated that he left the roadway because he was trying to avoid an accident in front of him.
 {¶ 10} The trial court found Appellant guilty of both traffic offenses. On the charge of "Hit-Skip Public Highway," the trial court sentenced Appellant to thirty days in jail with thirty days suspended, suspension of driving privileges for six months and probation for one year. The trial court also imposed a find of $200.00 plus costs. The trial court imposed a fine of $50.00 plus costs for the charge of "Failure to Control."
 {¶ 11} Appellant raises two Assignments of Error:
 {¶ 12} "I. THE EVIDENCE AGAINST THE APPELLANT WAS INSUFFICIENT TO SUSTAIN A VERDICT OF GUILTY FOR HIT-SKIP UPON A PUBLIC STREET.
 {¶ 13} "II. APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL SOLELY TO THE EXTENT THAT COUNSEL DID NOT MOVE THE TRIAL COURT FOR AN ACQUITTAL PURSUANT TO CRIMINAL RULE 29."
 I. {¶ 14} Appellant argues in his first Assignment of Error that the evidence produced at trial was insufficient to support Appellant's conviction for "Hit-Skip Public *Page 5 
Highway." In order to determine whether the evidence before the trial court was sufficient to sustain a conviction, this Court must review the evidence in a light most favorable to the prosecution. State v.Jenks (1991), 61 Ohio St.3d 259, superseded by the State constitutional amendment on other grounds as stated in State v. Smith (1997),80 Ohio St.3d 89.
 {¶ 15} Specifically, an appellate court's function, when reviewing the sufficiency of the evidence to support a criminal conviction, is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. State v. Jenks, supra. This test raises a question of law and does not allow the court to weigh the evidence. State v. Martin (1983), 20 Ohio App.3d 172, 175. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."State v. Thompkins, 78 Ohio St.3d at 386.
 {¶ 16} Appellant challenges the sufficiency of the evidence for his conviction under Newark City Ordinance 436.11. The ordinance states in pertinent part:
 {¶ 17} "(a)(1) In case of accident to or collision with persons or property upon any of the public roads or highways, due to the driving or operation thereon of any motor vehicle, the person driving or operating the motor vehicle, having knowledge of the accident or collision, immediately shall stop the driver's or operator's motor vehicle at the scene of the accident or collision and shall remain at the scene of the accident or collision until the driver or operator has given the driver's or operator's name and address and, if the driver or operator is not the owner, the name and address of the *Page 6 
owner of that motor vehicle, together with the registered number of that motor vehicle, to any person injured in the accident or collision or to the operator, occupant, owner, or attendant of any motor vehicle damaged in the accident or collision, or to any police officer at the scene of the accident or collision.
 {¶ 18} "* * *
 {¶ 19} "(3) If the accident or collision is with an unoccupied or unattended motor vehicle, the operator who collides with the motor vehicle shall securely attach the information required to be given in this section, in writing, to a conspicuous place in or on the unoccupied or unattended motor vehicle.
 {¶ 20} "(b) Whoever violates division (a) of this section is guilty of failure to stop after an accident, a misdemeanor of the first degree. * * *"
 {¶ 21} Appellant concedes in his brief that Appellee established at trial that an accident to or collision with an unoccupied or unattended motor vehicle occurred on August 28, 2007. Appellant also states that Appellee presented sufficient evidence that Appellant did not contact and made no attempt to contact Mr. Kies, the owner of the unoccupied or unattended motor vehicle involved in the accident or collision on August 28, 2007.
 {¶ 22} Appellant argues that Appellee failed to establish the element that the accident or collision with the unattended or unoccupied vehicle occurred "upon any of the public roads or highways" pursuant to Newark City Ordinance 436.11. Appellant asserts that the evidence presented at trial by Appellee demonstrates that the accident to or collision with the vehicle owned by Mr. Kies occurred in the private parking lot of the condominium complex, not on a public road or highway. *Page 7 
 {¶ 23} Upon review of the evidence in this matter in a light most favorable to the prosecution, we agree that the evidence was insufficient to establish the accident to or collision with property occurred upon a public road or highway pursuant to Newark City Ordinance 436.11. Newark City Ordinance 402.43 defines a "street or highway" as, "the entire width between the boundary lines of every way open to the use of the public as a thoroughfare for purposes of vehicular travel." The condominium complex parking area next to the garage cannot be defined as a public road or highway.
 {¶ 24} Newark City Ordinance 402.43 states that it is based upon R.C. 4511.01(BB). R.C. 4511.01(BB) defines "street" or "highway" as "the entire width between the boundary lines of every way open to the use of the public as a thoroughfare for purposes of vehicular travel." Appellant brings this Court's attention to a decision by the 10th District in which the court found a road located on the Ohio State University campus was not a way "open to the use of the public as a thoroughfare." State v. Grubb (1993), 82 Ohio App.3d 187,611 N.E.2d 516. The university built the road to provide access to the Ohio Union and an adjacent parking garage. The court held,
 {¶ 25} "Ohio Union Drive is not used as a `thoroughfare,' as contemplated within the meaning of R.C. 4511.01(BB). Although the term itself is not defined in the Revised Code, Black's Law Dictionary (5th Ed. 1978) 1327, defines `thoroughfare' as a `street or passage through which one can fare (travel); that is, a street or highway affording an unobstructed passage at each end into another street or public passage.' In State v. Benshoff (Mar. 21, 1990), Wayne App. No. D89-3-304, unreported, 1990 WL 31803, the court held that, merely because a vehicle can enter at one end and exit at the other *Page 8 
does not make the street a `thoroughfare' for the purposes of vehicular travel. Instead, this must be its primary purpose. This court in Jewett v. State (App. 1936), 22 Ohio Law Abs. 37, indicated that a thoroughfare includes every road or street open to and used by the public generally as a means of passage." Id. at 190.
 {¶ 26} The basis of Appellant's charge of "Hit-Skip Public Highway" and conviction thereof was the accident to or collision with Mr. Kies's car. The evidence adduced at trial established the Mr. Kies's car was parked in a parking area next to the condominium complex garage when Appellant's car collided with Mr. Kies's car. Based on the foregoing, we find the accident to or collision with property did not occur on a public road or highway, but a private parking lot of the condominium complex.[1]
 {¶ 27} Appellant's first Assignment of Error is sustained.
 {¶ 28} Based upon our disposition of Appellant's first Assignment of Error, Appellant's second Assignment of Error is moot. *Page 9 
 {¶ 29} The judgment of the Licking County Municipal Court is reversed.
 Delaney, J., Wise, P. J. and Edwards, J., concur. *Page 10 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Licking County Municipal Court is reversed.
[1] Appellant also brings to this Court's attention a Newark City Ordinance that could more appropriately address these set of facts. Newark City Ordinance 436.12, entitled "Stopping after Accident upon Property Other than Streets," states in pertinent part, "In case of accident or collision resulting in injury or damage to persons or property upon any public or private property other than public roads or highways, due to the driving or operation thereon of any motor vehicle, the person driving or operating the motor vehicle, having knowledge of the accident or collision, shall stop, and, upon request of the person injured or damaged, or any other person, shall give that person the driver's or operator's name and address, and, if the driver or operator is not the owner, the name and address of the owner of that motor vehicle, together with the registered number of that motor vehicle, and, if available, exhibit the driver's or operator's driver's or commercial driver's license." *Page 1