**CITY OF BOWLING GREEN, Appellee,**

**v.**

**McNAMARA, Appellant.**

[Cite as *Bowling Green v. McNamara* (1999), 132 Ohio App.3d 240.]

Court of Appeals of Ohio,
Sixth District, Wood County.

No. WD–98–034.

Decided Feb. 5, 1999.

*Matthew L. Reger,* for appellee.

*Danny A. Hill II,* for appellant.

SHERCK, Judge.

This appeal comes to us from the Bowling Green Municipal Court. There, appellant was convicted of failing to stop at a stop sign that was improperly placed. Because we conclude that the trial court erred in denying appellant's motion to dismiss, we reverse.

Appellant, Michael McNamara, was cited for failing to stop at a stop sign, in violation of Bowling Green City Ordinance 72.27. The parties stipulated that the sign, placed in a residential district, was only five feet eleven inches from the ground. Appellant contended that he did not see the sign and moved to dismiss on the basis that the sign was not in the proper position required by the Ohio Manual of Uniform Traffic Control Devices ("OMUTCD"). The trial court denied the motion, and appellant ultimately pled no contest to the charge; he was found guilty by the court.

Appellant now appeals that judgment, setting forth the following sole assignment of error:

"The trial court erred when it denied appellant's motion to dismiss, and found appellant guilty of Bowling Green Ordinance 72.27."

R.C. 4511.12 states that a person may be excused from criminal liability for disobeying a traffic control device if the sign is not in a "proper position *and* sufficiently legible to be seen by an ordinarily observant person." (Emphasis added.) Since this language is in the conjunctive, the sign must be *both* in the proper position and legible.

The OMUTCD requires that in "business, commercial and residential districts where parking and/or pedestrian movement is likely to occur or where there are obstructions to view, the clearance to the bottom of the sign *shall* be at least 7 feet." (Emphasis added.) "Shall" is defined by the OMUTCD as indicating "a mandatory condition."

Some Ohio courts have applied a lesser standard to the placement of traffic signs. See *Shapiro v. Butts* (1950), 89 Ohio App. 377, 46 O.O. 159, 102 N.E.2d 270; *State v. Lechner* (Feb. 13, 1980), Summit App. No. 9430, unreported. However, in our view, the plain language of the statute requires us to follow those cases that mandate strict compliance with the OMUTCD regulations. See *State v. Grubb* (1993), 82 Ohio App.3d 187, 611 N.E.2d 516; *Mentor v. Mills* (July 2, 1988), Lake App. No. 12–269, unreported, 1988 WL 76764; *State v. Grillot* (1964), 2 Ohio App.2d 81, 31 O.O.2d 113, 206 N.E.2d 420; *Cincinnati v. Evers* (1993), 63 Ohio Misc.2d 220, 621 N.E.2d 905.

In this case, it is undisputed that the bottom of the stop sign was in a residential district and was only five feet eleven inches from the ground. Since it was not properly positioned as required by the OMUTCD, the alleged violation may not be enforced against appellant. Therefore, the trial court erred in denying appellant's motion to dismiss.

Accordingly, appellant's sole assignment of error is well taken.

The judgment of the Bowling Green Municipal Court is reversed, and appellant's conviction is vacated. Court costs of this appeal are assessed to appellee.

*Judgment reversed.*

KNEPPER and MILLIGAN, JJ., concur.

JOHN R. MILLIGAN, JR., J., retired, of the Fifth Appellate District, sitting by assignment.