**In re TOLLIVER, Alleged Juvenile Traffic Offender.**

[Cite as *In re Tolliver,* 149 Ohio App.3d 403, 2002-Ohio-4538.]

Court of Appeals of Ohio,
Fifth District, Licking County.

No. 02CA00034.

Decided Sept. 3, 2002.

Anthony W. Stocco, for appellee.

Mark W. Stubbins, for appellant.

Farmer, Judge.

{¶ 1} On July 12, 2001, appellant, John Tolliver, a juvenile, was cited for failing to stop at a stop sign in violation of R.C. 4511.12. An adjudicatory hearing before a magistrate was held in Muskingum County, Ohio, on December 3, 2001. By decision filed January 4, 2002, the magistrate found appellant to be a juvenile traffic offender. Appellant filed objections on January 14, 2002. By judgment entry filed January 29, 2002, the trial court denied the objections and approved and adopted the magistrate's decision. The case was transferred to Licking County, Ohio, appellant's residence, for disposition. A dispositional hearing was held on March 20, 2002. By judgment entry filed same date, the trial court fined appellant $50 plus court costs.

{¶ 2} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:

## I

{¶ 3} "The trial court erred as a matter of law in finding appellant to be a juvenile traffic offender where the unrebutted evidence established that the stop sign was not placed in conformance with the Ohio Manual of Uniform Traffic Control Devices for Streets and Highways."

## II

{¶ 4} "The trial court erred in finding appellant a juvenile traffic offender under a 'substantial compliance' standard where the unrebutted evidence established that the stop sign was 8 3/4th inches below the 60 inch height requirement set forth in the Ohio Manual of Uniform Traffic Control Devices for Streets and Highways."

## I, II

{¶ 5} Appellant's two assignments of error challenge the trial court's decision that he was a juvenile traffic offender. Appellant claims that he presented undisputed evidence that the stop sign he is charged with violating did not comply with the Ohio Manual of Uniform Traffic Control Devices for Streets and Highways ("OMUTCD"). Appellant claims that this fact was a complete defense to the traffic offense and that the trial court erred in finding that there was "substantial compliance." We agree with both of appellant's assignments of error.

{¶ 6} There are no facts in dispute. In an agreed statement filed on May 7, 2002, in the Court of Common Pleas of Licking County, Ohio, both sides state

that the "stop sign's height was 56 1/4th inches from the ground level to the bottom of the sign" and the "stop sign was mounted 51 1/4th inches as measured from the bottom of the sign to the plane of the roadway," making the sign "8 3/4 inches below the minimum set by OMUTCD." The sign's "dimensions were 29 15/16 inches by 29 15/16 inches."

{¶ 7} Both sides agree that the OMUTCD "requires that the stop sign be mounted at a minimum height of at least 5 feet (60 inches) as measured from the bottom of the sign to the plane of the roadway" and the sign "be 30 inches by 30 inches" in height and width.

{¶ 8} Appellant argues that R.C. 4511.12 mandates specifics for a traffic control device:

{¶ 9} "No pedestrian, driver of a vehicle, or operator of a streetcar or trackless trolley shall disobey the instructions of any traffic control device placed in accordance with this chapter, unless at the time otherwise directed by a police officer.

{¶ 10} "No provision of this chapter for which signs are required shall be enforced against an alleged violator if at the time and place of the alleged violation an official sign is not in proper position and sufficiently legible to be seen by an ordinarily observant person. Whenever a particular section of this chapter does not state that signs are required, that section shall be effective even though no signs are erected or in place."

{¶ 11} Appellant argues that 8 3/4 inches off the minimum requirement is sufficient proof that the sign was "not in proper position." Appellant does not dispute that the sign was "sufficiently legible to be seen by an ordinarily observant person."

{¶ 12} The gravamen of this appeal is whether an 8 3/4 inch deviation from the OMUTCD makes the sign "not in proper position" pursuant to the statute.

{¶ 13} Appellant argues that the use of "shall" in the statute requires strict adherence and that "substantial compliance" is not the proper standard.

{¶ 14} In *Mansfield v. O'Donnell* (Sept. 26, 1991), Richland App. No. CA–2826, 1991 WL 209907, this court found that strict compliance was not mandated if the evidence established that the offender had actually stopped at the sign and then subsequently failed to yield to ongoing traffic. The record sub judice does not establish how appellant violated the stop sign, i.e., did he stop, proceed and fail to yield the right of way, did he not stop at all, or did he make an

incomplete stop.[1] Without this information, we are forced to adopt the strict compliance standard regarding the sign's placement.

{¶ 15} R.C. 4511.11(A) states that all local authorities "shall place and maintain traffic control devices in accordance with the department of transportation manual and specifications for a uniform system of traffic control devices." All traffic control devices "shall conform to the state manual and specifications." R.C. 4511.11(D).

{¶ 16} Given the facts in this case, we find that the stop sign in question did not conform to the state standard in height placement. An 8 3/4 inch variation invalidates the stop sign. See *Bowling Green v. McNamara* (1999), 132 Ohio App.3d 240, 724 N.E.2d 1175; *Maple Hts. v. Smith* (1999), 131 Ohio App.3d 406, 722 N.E.2d 607; *Mentor v. Mills* (July 22, 1988), Lake App. No. 12–269, 1988 WL 76764. The 1/16 inch in variation in height and width of the sign is de minimis and not controlling.

{¶ 17} Assignments of Error I and II are sustained.

{¶ 18} The judgment of the Court of Common Pleas of Licking County, Ohio, Juvenile Division is hereby vacated.

Judgment vacated.

GWIN, P.J., and EDWARDS, J., concur.

---

1. The Uniform Traffic Citation merely states "Stop Sign" and cites the code section, R.C. 4511.12.