JOURNAL ENTRY and OPINION.
{¶ 1} Defendant-appellant Melinda T. Dawson appeals from her conviction for violation of a traffic ordinance; plaintiff-appellee The City of Lyndhurst's traffic ordinance prohibited a right turn on a red light at the intersection of Mayfield Road with Irene Road.
 {¶ 2} Appellant challenges her conviction on two grounds. She first asserts the city failed to prove a necessary element of the traffic offense. She further asserts her rights to compulsory process and a fair trial were compromised by the trial court's refusal to enforce a subpoena appellant issued to the city's only witness.
 {¶ 3} After a review of the record, however, this court disagrees with appellant's assertions. Consequently, her challenge is rejected and her conviction is affirmed.
 {¶ 4} Appellant's conviction results from the observation of Officer Michael Scipeon, who conducted traffic enforcement from his police cruiser on the evening of November 23, 2001. Scipeon had parked in the lot of the gasoline station located at the southwest corner of the intersection of Mayfield Road with Winchester Road and Irene Road.
 {¶ 5} At approximately 9:30 p.m., he saw appellant's vehicle approach the intersection westbound on Mayfield Road. The traffic light facing appellant's direction had turned red. Appellant stopped, but then proceeded to turn right onto Irene Road in spite of an overhead sign that stated, "No turn on red." Scipeon thereupon issued a citation to appellant for violation of Lyndhurst Codified Ordinance ("LCO") 414.10(b)(2), prohibited turn.
 {¶ 6} At appellant's subsequent trial, the city presented only the testimony of Scipeon to establish its case. The trial court denied appellant's motion for acquittal and found her guilty of the offense. The trial court thereafter granted appellant's motion for a stay of execution of the sentence imposed in order to permit appellant to appeal her conviction.
 {¶ 7} Appellant presents three assignments of error for review. The first states:
 {¶ 8} "1. The trial court erred to the prejudice of the appellant by convicting her of violating section 414.10 of the codified ordinances of the City of Lyndhurst when the elements of said offense were not proven beyond a reasonable doubt as required by R.C. § 2904.05(A)."
 {¶ 9} Appellant argues the city failed to establish each element of the offense. In making her argument, she asserts that LCO 414.03(c)(5) required the city to prove it posted more than one sign at the intersection, and, further, that R.C. 4511.11(D) required the city to prove the sign appellant disregarded conformed to the Ohio Manual for Uniform Traffic Control Devices for Streets and Highways (the "Manual"). This court disagrees.
 {¶ 10} In relevant part, LCO 414.03 provides that the city "may
prohibit a right or a left turn against a steady red signal at any
intersection, which prohibition shall be effective when signs giving notice thereof are posted at the intersection." (Emphasis supplied.) Since it contains the word "or," this ordinance is written inclusively. It plainly permits the city to post more than one such sign at a single intersection, but hardly requires the city to do so. Appellant's first assertion, therefore, is rejected.
 {¶ 11} Similarly, appellant's second assertion lacks persuasiveness. Recently, this court cited Maple Heights v. Smith (1999),131 Ohio App.3d 406 and stated the following: "There is no criminal liability for violation of a traffic control device that is unofficial," i.e., not "in conformity with" the Manual. Lyndhurst v. McGinness
(2000), 138 Ohio App.3d 617, 621.
 {¶ 12} Nevertheless, this court did not thereby proclaim "conformity" to be an element of every traffic offense which the city must prove. Rather, R.C. 4511.12 requires a driver of a vehicle to "obey
all traffic control devices, except such devices as are not properly positioned and sufficiently legible to be seen by ordinary observant persons." Id. at 620. (Emphasis supplied.)
 {¶ 13} McGinness thus implies that if the record contains evidence upon which to base a presumption the traffic control device conforms with the Manual, the defendant may demonstrate that it does not. Id. This is more in the nature of an affirmative defense, which is in accord with the analyses set forth by other Ohio appellate districts that have considered the issue. See, State v. Rivera, Ashtabula App. No. 2001-A-0005, 2001-Ohio-4322; State v. Millhouse (Feb.3, 1995), Lawrence App. No. 94 CA 4; Akron v. Cook (1990), 67 Ohio App.3d 640; Mentor v. Mills (July 22, 1988), Lake App. No. 12-269; cf., In re Tolliver, 149 Ohio App.3d 403,2002-Ohio-4538.
 {¶ 14} In this case, the record contains evidence in the form of Scipeon's testimony and photographs that demonstrate the sign at the intersection of Mayfield and Irene Roads complied with the Manual's requirements. Appellant provided no evidence to the contrary, therefore, the trial court did not err in denying her motion to dismiss. HighlandHills v. Feldman, Cuyahoga App. No. 81095, 2002-Ohio-4185.
 {¶ 15} Accordingly, appellant's first assignment of error is overruled.
 {¶ 16} Appellant's second and third assignments of error state:
 {¶ 17} "2. The trial court, by failing to enforce a subpoena duces tecum that was issued to the witness, erred to the prejudice of the appellant by depriving her of her constitutional right to compulsory process."
 {¶ 18} "3. The trial court, by failing to enforce a subpoena duces tecum, deprived the appellant of her due process right to a fair trial under Section 16, Article I of the Ohio Constitution and the Fifth andFourteenth Amendments to the United States Constitution."
 {¶ 19} Appellant argues her constitutional rights to compulsory process and a fair trial were compromised when the trial court declined to enforce the subpoena duces tecum she had issued to Scipeon. In view of what appellant wanted him to produce, her argument is absurd.
 {¶ 20} Appellant directed her subpoena to the officer who had issued the traffic citation to her and demanded he bring to trial the traffic sign he cited her for disregarding. It is axiomatic that a demand for production of an item, however, must be directed to the item's proper custodian. See, e.g., State v. Thompson (1993), 87 Ohio App.3d 570, 576.
 {¶ 21} Clearly, a police officer has neither control of nor responsibility for city traffic signs; Scipeon thus lacked any authority to remove the sign for appellant's benefit. Appellant, on the other hand, had options available to her to obtain the information she sought.
 {¶ 22} Appellant could have requested a city official to produce the measurements of the sign, or requested an examination of the sign by The Ohio Department of Transportation to determine whether it complied with the Manual. Appellant did not take an appropriate action, therefore, the trial court committed no error in declining to enforce her subpoena. Id.
 {¶ 23} Appellant's second and third assignments of error, accordingly, also are overruled.
Affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Lyndhurst Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA ANN BLACKMON, J. and ANNE L. KILBANE, J. CONCUR.