[Cite as *State v. Norman*, 2019-Ohio-3242.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| | JUDGES: |
| STATE OF OHIO | Hon. W. Scott Gwin, P .J. |
| | Hon. John W. Wise, J. |
| Plaintiff-Appellee | Hon. Earle E. Wise, Jr., J. |
| -vs- | |
| | Case No. 2018 CA 0134 |
| HEZEKIAH NORMAN | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:     Criminal Appeal from the Mansfield
                             Municipal Court, Case No.  2017 TRC
                             12870


JUDGMENT:                    Affirmed


DATE OF JUDGMENT ENTRY:      August 12, 2019


APPEARANCES:

For Plaintiff-Appellee              For Defendant-Appellant

MICHAEL J. KEMERER                  JOHN C. O'DONNELL
ASSISTANT LAW DIRECTOR              10 West Newlon Place
30 North Diamond Street            Mansfield, Ohio  44902
Mansfield, Ohio  44902

*Wise, John, J.*

{¶1}   Defendant-Appellant Hezekiah Norman appeals from his conviction, in the Mansfield Municipal Court, Richland County, for OMVI and failure to obey a traffic control sign. Appellee is the State of Ohio. The relevant procedural facts leading to this appeal are as follows.

{¶2}   On November 25, 2017, Trooper D.R. Passet of the Ohio State Highway Patrol was on patrol on Trimble Road in Mansfield, Ohio. The trooper observed a BMW automobile make a left turn onto Arbor Street from the right-side driving lane of Trimble Road without first moving into the middle turn lane. The trooper thereupon effectuated a stop of the BMW, which was being operated by appellant. Following further investigation, appellant was charged with OMVI (R.C. 4511.19(A)(1)(a)), DUI (R.C. 4511.19(A)(2)), and failure to obey a traffic control device or sign (R.C. 4511.12).[1] Appellant thereafter entered pleas of not guilty to all three charges.

{¶3}   On March 12, 2018, appellant filed a motion to suppress, arguing that Trooper Passet lacked probable cause and/or "specific and articulable facts" for the initial stop of the BMW.

{¶4}   The State filed a response on April 12, 2018. On the same day, a hearing on the motion to suppress was conducted by the trial court. Appellant and the State

---

[1]   Appellant asserts in his brief that he was found to have violated R.C. 4511.36, the statute addressing rules for turns at intersections. However, the basis for this assertion is unclear to this Court, as the December 13, 2018 judgment entry indicates appellant was convicted under R.C. 4511.19(A)(1)(a) and R.C. 4511.12. We also note that because Trooper Passet did not testify, due to the parties' stipulations for purposes of the suppression issue, we do not know if the officer developed an additional reasonable suspicion of a violation of R.C. 4511.36 before making the stop, or if the painted arrows on the center lane (visible in photographs in the trial court file) played a role in the events.

stipulated to the facts surrounding the traffic stop, including a stipulation that the "Center Lane Only" sign (with turning arrows) was of nonconforming height according to the Ohio Manual of Uniform Traffic Control Devices ("OMUTCD"). The parties also agreed to the submission of certain photographs of the area on Trimble Road where the trooper observed appellant, leading to the stop. Supp. Tr. at 3-6.

{¶5} On April 24, 2018, the magistrate issued a decision denying the motion to suppress, finding in pertinent part it was proper for the trooper to stop appellant "for making a left turn from the far right lane, crossing over another lane which was specifically marked and made for such turns." Magistrate's Decision at 1.

{¶6} On May 23, 2018, appellant filed an objection to the magistrate's decision pursuant to Crim.R. 19.

{¶7} On August 10, 2018, the trial court issued a judgment entry denying the motion to suppress, concluding that even though the road signage was "not in compliance with Ohio law," the traffic stop in question was lawful because the "defendant turned from the right lane [and] passed [through] the turn only lane as marked on the pavement and onto a one lane road." Judgment Entry, August 10, 2018, at 1.

{¶8} On December 13, 2018, appellant entered a plea of guilty to the counts of OMVI and failure to obey a traffic control device or sign. The DUI count was dismissed. Appellant was thereupon found guilty and sentenced to sixty days in jail for OMVI, with 57 days suspended. He was also ordered to pay court costs as to both counts.

{¶9} Appellant filed a notice of appeal on December 28, 2018. He herein raises the following sole Assignment of Error:

{¶10} "I. THE TRIAL COURT'S FINDING OF PICTURES WAS CONTRARY TO THE WEIGHT OF THE EVIDENCE."

I.

{¶11} In his sole Assignment of Error, appellant essentially challenges the trial court's denial of his motion to suppress the results of the traffic stop.[2] We disagree.

{¶12} As an initial matter, we *sua sponte* note Crim.R. 19(D)(4)(d) states: "If one or more objections to a magistrate's decision are timely filed, the court shall rule on those objections. In ruling on objections, the court shall undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law. ***." *See*, *also*, *O'Brien v. O'Brien*, 5th Dist. Delaware No. 02CA-F-08-038, 2003-Ohio-2893, ¶ 30 (stating, in regard to the requirements of Civ.R. 53, "[w]e herein reiterate that a trial court must specifically state whether it is overruling or sustaining any, all, or part of any duly filed objections to a magistrate's decision ***"). While the trial court's decision presently under appeal does reflect the court's independent review of the suppression issue, it never explicitly states its disposition of appellant's Crim.R. 19 objection to the decision of the magistrate.

{¶13} We nonetheless proceed to the merits of the present appeal.

{¶14} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. Finally, an appellant may argue the trial court has

---

[2] The text of the assigned error in appellant's brief, as printed *verbatim* herein, appears to be the result of a scrivener's error.

incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this third type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in the given case. *See State v. Fanning* (1982), 1 Ohio St.3d 19, 437 N.E.2d 583; *State v. Williams* (1993), 86 Ohio App.3d 37, 619 N.E.2d 1141; *State v. Curry* (1994), 95 Ohio App.3d 93, 96, 641 N.E.2d 1172; *State v. Claytor* (1993), 85 Ohio App.3d 623, 627, 620 N.E.2d 906; *State v. Guysinger* (1993), 86 Ohio App.3d 592, 621 N.E.2d 726. The United States Supreme Court has held that as a general matter determinations of reasonable suspicion and probable cause should be reviewed *de novo* on appeal. *See Ornelas v. United States* (1996), 517 U.S. 690, 699, 116 S.Ct. 1657, 1663, 134 L.Ed.2d 911.

{¶15} The Fourth Amendment to the United States Constitution and Section 14, Article I, Ohio Constitution, prohibit the government from conducting unreasonable searches and seizures of persons or their property. *Terry v. Ohio* (1968), 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889; *State v. Andrews* (1991), 57 Ohio St.3d 86, 87, 565 N.E.2d 1271.

{¶16} As we have previously recognized, "[t]he Ohio Supreme Court has emphasized that probable cause is not required to make a traffic stop; rather the standard is reasonable and articulable suspicion." *State v. Lewis*, 5th Dist. Licking No. 18-CA-17, 2018-Ohio-3681, ¶ 21, citing *State v. Mays*, 119 Ohio St.3d 406, 2008-Ohio-4539, 894 N.E.2d 1204, ¶ 23. Concisely stated, "[u]nder *Terry* [*supra*], police officers may briefly stop and/or temporarily detain individuals in order to investigate possible criminal activity if the officers have a reasonable, articulable suspicion that criminal activity may be afoot,

including a minor traffic violation." *State v. Saunders*, 5th Dist. Muskingum No. CT2017-0052, 2018-Ohio-2624, ¶ 27, quoting *State v. Swift*, 2nd Dist. Montgomery No. 27036, 2016–Ohio–8191, ¶ 10 (internal quotations omitted).

**{¶17}** Reasonable suspicion constitutes something less than probable cause. *State v. Logan,* 5th Dist. Richland No. 07–CA–56, 2008–Ohio–2969, ¶ 15, citing *State v. Carlson* (1995), 102 Ohio App.3d 585, 590. A single suspected traffic violation provides reasonable suspicion for an officer to stop a vehicle. *See State v. Panaro*, 9th Dist. Medina No. 16CA0067-M, 2018-Ohio-1005, 108 N.E.3d 1187, ¶ 15 (citations omitted).

**{¶18}** R.C. 4511.11(A) states that all local authorities "shall place and maintain traffic control devices in accordance with the department of transportation manual and specifications for a uniform system of traffic control devices \*\*\*." Also, under R.C. 4511.11(D), all traffic control devices "shall conform to the state manual." *See In re Tolliver*, 5th Dist. Licking No. 02CA00034, 149 Ohio App.3d 403, 2002-Ohio-4538, 777 N.E.2d 867, ¶ 15.

**{¶19}** R.C. 4511.12(A) states as follows:

No pedestrian, driver of a vehicle, or operator of a streetcar or trackless trolley shall disobey the instructions of any traffic control device placed in accordance with this chapter, unless at the time otherwise directed by a police officer.

No provision of this chapter for which signs are required shall be enforced against an alleged violator if at the time and place of the alleged violation an official sign is not in proper position and sufficiently legible to be seen by an ordinarily observant person. Whenever a particular section of

this chapter does not state that signs are required, that section shall be effective even though no signs are erected or in place.

**{¶20}** Thus, there is no criminal liability for violation of a traffic control device that is unofficial, *i.e.*, not in conformity with the OMUTCD. *See Lyndhurst v. Dawson,* 8th Dist. Cuyahoga No. 81288, 2002-Ohio-7071, ¶ 11 (internal quotations omitted). But "[t]here have been divergent appellate rulings as to whether traffic signs must strictly versus substantially comply with the Ohio Manual on Uniform Traffic Control Devices." *South Russell v. Blair*, 11th Dist. Geauga No. 2005-G-2645, 2006-Ohio-3766, ¶ 44 (Grendell, J., dissenting). We have concluded, for example, that a stop sign 51-1/4 inches from the plane of the roadway did not conform to the OMUTCD standards for height placement, as "[a]n 8-3/4 inch variation invalidates the stop sign." *In re Tolliver*, *supra*, at ¶ 16. *But cf. City of Mansfield v. O'Donnell*, 5th Dist. Richland No. CA-2826, 1991 WL 209907.

**{¶21}** Nonetheless, it is well-established that an officer's reasonable articulable suspicion does not require proof beyond a reasonable doubt that the defendant's conduct has satisfied the elements of the offense. *State v. Willis,* 5th Dist. Licking No. 14 CA 103, 2015–Ohio–3739, ¶ 25, citing *Westlake v. Kaplysh,* 118 Ohio App .3d 18, 20, 691 N.E.2d 1074 (8th Dist.1997). The reasoning of the Twelfth District Court of Appeals in *State v. Walters*, 12th Dist. Warren No. CA2004-04-043, 2005-Ohio-418, is instructive in our present analysis:

> Because the sign at issue did not conform to the OMUTCD, [Ms. Walters] clearly could not have been convicted of disobeying a traffic control device. However, the question before the municipal court was not whether [Ms. Walters] was guilty or innocent of the traffic offense, but whether [the

arresting officer] had probable cause to make the stop. We find that the municipal court erred in granting [Ms. Walters'] motion to suppress. The trial court's reason was that "there was no testimony that [Ms. Walters] committed an actual violation of the law." The court essentially made an adjudication on the merits of the traffic offense when it should have only been determining whether there was probable cause for the stop.

**{¶22}** *Walters* at ¶ 8.

**{¶23}** It would be unreasonable for this Court to conclude that in the usual instance a law enforcement officer is constitutionally required to ensure that a traffic control sign's size or height measurement is OMUTCD-compliant before effectuating a traffic stop for a suspected violation of R.C. 4511.12. Upon review, we find no error in the case *sub judice* in the trial court's denial of the motion to suppress on the question of the trooper's initial stop of appellant's vehicle.

**{¶24}** Appellant's sole Assignment of Error is therefore overruled.

**{¶25}** For the foregoing reasons, the judgment of the Mansfield Municipal Court, Richland County, Ohio, is hereby affirmed.

By: Wise, John, J.
Gwin, P. J., and
Wise, Earle, J., concur.


JWW/d 0726